UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME LUEVANO,<br><br>        Petitioner,<br><br>    v.<br><br>NINTH (9th) CIRCUIT JUDGES, *et al.*,<br><br>        Respondents.<br>_____/ | No. C-11-6413 EMC (pr)<br><br>**ORDER OF DISMISSAL** |

      Petitioner filed a petition for writ of mandamus to compel judges of the United States Court of Appeals for the Ninth Circuit to rule in two cases. Petitioner stated in his petition for writ of mandamus that the Ninth Circuit had not ruled on the appeals in "2:11-05513 and 2:11-5514." Docket # 1. The Ninth Circuit's website has no cases that match either of those case numbers, and no case that lists petitioner as a party.[1] There is no need for Petitioner to attempt to correct his factual mistake because the legal bar to his petition discussed in the next paragraph requires dismissal.

      The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is only available to compel an officer of the United States to perform a duty if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly

---

[1] Petitioner is incarcerated in Texas and has filed numerous actions in district courts throughout the United States. *See Luevano v. Perry*, C. D. Cal. Case No. CV 11-5514 UA (order filed July 13, 2011, listing dismissed actions filed by petitioner in the district courts in Pennsylvania, Ohio, New Mexico, New York, Texas, and the District of Columbia).

prescribed as to be free from doubt; and (3) no other adequate remedy is available. *See Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986) (citations omitted). Mandamus traditionally is used only "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Will v. United States*, 389 U.S. 90, 95 (1967). This Court has no authority to issue a writ of mandamus to the Ninth Circuit because the Ninth Circuit is not an inferior court relative to this one. *See generally id.*; *see also Mullis v. U. S. Bankruptcy Court*, 828 F.2d 1385, 1393 n.19 (9th Cir. 1987) (district court has no authority to review any ruling of a court of appeals); *id.* (district court lacks authority to issue a writ of mandamus to another district court). The petition for writ of mandamus therefore is **DISMISSED**.

Petitioner's *in forma pauperis* application is **DENIED** because it is incomplete. Docket # 4.

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: May 18, 2012

_____
EDWARD M. CHEN
United States District Judge